No. 92-556 and 92-612

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE PETITION OF

CHESTER R. BAUER,

      Petitioner and Appellant.

FILED

MAY 6 1993

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        Chester R. Bauer, Deer Lodge, Montana; Pro Se

     For Respondent:

        Honorable Joseph P. Mazurek, Attorney General;
Barbara Harris, Assistant Attorney General, Helena,
Montana; Bob McCarthy, Silver Bow County Attorney,
Butte, Montana


Submitted on Briefs:   March 11, 1993

Decided:  May 6, 1993

Filed:

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from the Second Judicial District Court, Butte-Silver Bow County, denying the petitioner a hearing for post-conviction relief. We affirm.

The only question on appeal is whether appellant is legally permitted to submit this second petition for post-conviction relief nine years after his conviction and sentencing.

On July 17, 1983, Chester R. Bauer (Bauer) was convicted by a jury of sexual intercourse without consent and aggravated assault. He appealed his conviction and this Court affirmed in State v. Bauer (1984), 210 Mont. 298, 683 P.2d 946. Subsequently on January 14, 1986, Bauer filed a petition for post-conviction relief with this Court which was denied on February 20, 1986. The order is in the Supreme Court file.

In October of 1992, Bauer again petitioned for post-conviction relief, this time with the Second Judicial District Court. Bauer also filed the same petition with this Court. The District Court denied Bauer's petition because Montana's statutory scheme allows only five years in which post-conviction relief can be sought.

Bauer claims that he does not remember filing the 1986 petition for post-conviction relief and that his files were destroyed in the 1991 riot at the prison. His argument to us is that he was not aware of the law. Bauer's failure to remember filing the petition for post-conviction relief in 1986 is irrelevant. This Court still holds the original order, a copy of which was attached to the State's brief.

2

The legislature in 1981 amended the statutes on post-conviction relief to contain a five year limit on petitions. Bauer was convicted in 1983. Bauer argues that this Court subsequently denied the validity of the limit placed on post-conviction relief in State v. Perry (1988), 232 Mont. 455, 758 P.2d 268. Bauer has not read the case carefully.

In Perry, the pleading involved was specifically marked Petition for New Trial or Other Appropriate Relief. The State argued it was really a petition for post-conviction relief. This Court determined that it was not in actuality a petition for such relief. We noted that the petition was more akin to that of habeas corpus, although technically it was not a petition for habeas corpus.

The purpose of a writ of habeas corpus is to determine the legality or illegality of the restraint alleged. It is available only to persons unlawfully imprisoned or restrained of their liberty. August v. Burns (1927), 79 Mont. 198, 255 P. 737. A petition for this writ must state that the petitioner is unlawfully imprisoned or restrained of liberty in violation of his constitutional rights and must state why the restraint is unlawful. Section 46-22-201, MCA. See also, Perry at 210 Mont. at 462.

We note that in Perry on which Bauer relies, the co-defendant at the original trial whose testimony helped convict Perry, recanted his testimony 17 years after the homicide. Perry's petition stated that he was being improperly restrained because the recantation proved him innocent. We determined that the co-

3

defendant recanted only after he was told that Perry was being sent to the same prison, and that the recantation was without merit.

Here Bauer has not alleged unlawful restraint. He has filed for post-conviction relief and claims his sentence is being impossed in violation of the laws of the state or the U.S. Constitution. In order to qualify for a post-conviction relief, the defendant must have no adequate remedy of appeal. Section 46-21-101, MCA. Bauer appealed his conviction in 1984.

Further, we have previously stated:

> While the mandate of due process and Article II, Section 16 of the Montana Constitution guarantees every person access to the courts, it cannot be said that such rights grant a person license to relitigate a cause or to burden the resources of the court with successive claims which could have been brought in one action.

Perry, 232 Mont. at 463. The time limit that the legislature placed upon post-conviction relief in 46-21-102, MCA, was an attempt to end the continuing relitigation of issues already finally determined. Similarly, the public interest in finality of judgments also weighs heavily against serial litigation. Perry, 210 Mont. at 463, citing Murray v. Carrier (1986), 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397. Our task as a reviewing court is not to change the legislature's clear directive that petitions for post-conviction relief be filed within five years. That statute is clear and needs no further interpretation.

We also note that on the pre-printed forms given to prisoners at the prison and based upon § 46-21-101, MCA, the following is printed at the very top of the form:

4

Instructions--Read Carefully

(1) A petition for post-conviction hearing may be filed at any time within 5 years of the date of conviction.

Thus, even if Bauer did not remember the 1986 order, the instructions he read and the petition he filled out were ample notification of this legislative directive.

Most of Bauer's issues were decided on appeal to this Court in State v. Bauer. The rest are issues which could have been brought up on appeal but were not. We conclude that the entire twenty-four page petition contains nothing but arguments concerning what happened before trial or during trial. Such arguments are not proper in a habeas corpus proceeding and are certainly barred by the limitation of five years on petitions for post-conviction relief.

We hold that the District Court did not err in denying Bauer's petition for post-conviction relief.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Affirmed.

_____
Justice

We Concur:

_John Conway Harrison_

5

William E. Hunter

Jerry Treweiler

Karla M. Gray
_____
Justices

May 6, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Chester R. Bauer
700 Conley Lake Rd.
Deer Lodge, MT  59722

Hon. Joseph P. Mazurek, Attorney General
Kathy C. Seeley, Assistant
215 N. Sanders, Justice Building
Helena, MT  59620

Brad Newman, County Attorney
Silver Bow County Courthouse
Butte, MT  59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy